IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DOUGLAS SMITH<br><br>    Plaintiff,<br><br>vs.<br><br>M C SHORT LLC, a Florida Limited Liability Company, d/b/a BIG TIRES AND MORE, and CHARLES SHORT, Individually,<br><br>    Defendants. | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DOUGLAS SMITH ("Mr. Smith," or "Plaintiff") sues Defendants, M C SHORT, LLC d/b/a BIG TIRES AND MORE ("MCS"), and CHARLES SHORT, individually ("Mr. Short") (collectively "Defendants"), and states:

**NATURE OF ACTION**

1. This action is for unpaid overtime compensation arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

**PARTIES**

2. At all times material hereto, Plaintiff was a resident of Pasco County, Florida, in the Middle District of Florida.

3. MCS was, and continues to be, a Florida limited liability company, engaged in the transaction of business in Hillsborough County, Florida, with its principal place of business located at 17324 N US Hwy 41, Lutz, FL, 33549.

4.     Defendant, Mr. Short, was, at all times material, the owner and Manager of MCS. Upon information and belief, Mr. Short is a resident of Hillsborough County, Florida.

## JURISDICTION AND VENUE

5.     Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Thus, the Court has subject matter jurisdiction under 28 U.S.C. §1331.

6.     Defendants are engaged in the business of providing automotive repair services in Hillsborough County. Defendants' business activities within this judicial district are substantial and not isolated.

7.     The Middle District of Florida is the proper venue for this action because the events giving rise to the claim occurred in the judicial district.

## FLSA COVERAGE

**I.     Enterprise Coverage**

8.     At all times material to this action, within the meaning of the FLSA, Defendants were Plaintiff's' "employer" and Plaintiff was an "employee" of Defendants.

9.     At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials moved through interstate commerce, including, but not limited to, vehicles, tools and equipment, and also communicated with out-of-state customers. The employees'

services, including Plaintiff, were used directly in furtherance of Defendants' commercial activities.

10. At all times material, Defendants had gross sales volume of at least $500,000.00 annually.

11. At all times material, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

### II. Individual Coverage

12. The FLSA individually covers Plaintiff because he was "engaged in commerce." Specifically, a substantial portion of Plaintiff's duties required communication with out-of-state customers, vendors, and suppliers. Plaintiff also regularly and recurrently used goods that traveled through interstate commerce to perform his work.

13. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Defendants.

### III. Individual Liability – Defendant Mr. Short

14. At all times material hereto, Mr. Short was the Owner/Manager of MCS.

15. At all times material, Mr. Short regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations of MCS.

16. By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control

the finances and operations of MCS, Mr. Short is an employer as defined by 29 U.S.C. § 201, et. seq.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

17. Plaintiff, Mr. Smith, realleges Paragraphs 1 through 16 as if fully stated herein.

18. Plaintiff works for Defendants as a retail salesman. Defendants hired Plaintiff in or around 2021. Plaintiff continues to work for Defendants.

19. Plaintiff's primary duties were to answer phones, greet customers and evaluate their needs regarding tires, lube, batteries, recommend and explain relevant products and services, create work orders, and process payments.

20. From the beginning of his employment until March 31, 2025, Defendants paid Plaintiff on an hourly basis at a rate between $25 - $27.50 per hour. However, Defendants only paid Plaintiff for 40 hours per work week, without regard to the hours worked over 40 hours.

21. Plaintiff requested overtime compensation from Defendants. Defendant Short's response was that Plaintiff was salary and he could work him as many hours as he wanted.

22. Beginning with the workweek of March 31, 2025 and through present, Plaintiff's compensation was changed and he is now paid for overtime hours worked at a rate of time and one half his hourly rate.

23. At all times material, Plaintiff's regular work schedule was five days per week from 7:00 a.m. until 5:00 p.m. Plaintiff regularly worked approximately 50 hours per week.

24. Beginning at the time Plaintiff was hired and continuing through March 31, 2025, Plaintiff worked hours and worked weeks in excess of forty (40) hours per week for which he was not compensated at the statutory rate of time and one-half the regular rate for all hours actually worked.

25. Plaintiff is entitled to be paid at the rate of time and one-half his regular hourly rate for all hours worked in excess of the maximum hours provided for in the FLSA.

26. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

27. Defendants' actions in failing to pay Plaintiff unpaid overtime were unreasonable, willful, and in bad faith. Defendants failed to undertake any examination of the lawfulness of its pay practices with respect to Plaintiff, and otherwise showed a reckless disregard about whether it was.

28. Pursuant to 29 U.S.C. 216 (b), Plaintiff is entitled to recover unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff, Douglas Smith, respectfully requests the following relief:

    a.    A declaration that Defendants have violated the overtime provisions of 29 U.S.C. § 207,

    b.    Unpaid overtime compensation,

    c.    Liquidated damages,

    d.    Attorney fees and costs pursuant to 29 U.S.C. § 216(b), and

    e.    Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Peter M. Jennings
Fla. Bar No. 1054512
Email: Peter@GunterFirm.com

**GUNTERFIRM**
2165 W. First. St., #104
Fort Myers, FL 33901
Tel: 239.334.7017